UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARL Z. GEE,

                Petitioner,               **DECISION AND ORDER**
                                                    **No. 03-CV-6184(DGL)(VEB)**

    -vs-

JAMES CONWAY,

                Respondent.
_____

**I.    Background**

Carl Z. Gee ("Gee" or "petitioner"), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). While the petition was pending, attorney Donald Thompson, Esq., filed a notice of appearance on behalf of Gee. (Docket no. 12). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for the purposes of hearing and deciding non-dispositive motions and reporting on the recommended disposition of Gee's petition. This Court issued a Report and Recommendation recommending that the petition be dismissed and that no certificate of appealability issue. (Docket No. 22). Gee filed objections to the Report and Recommendation (Docket No. 24) in which he stated that he no longer had the representation of counsel. Senior United States District Judge David G. Larimer wrote to Attorney Thompson who confirmed that Gee had elected to proceed *pro se*. (Docket Nos. 25, 26).

Judge Larimer subsequently issued a Decision and Order adopting this Court's Report and Recommendation, dismissing the petition and declining to issue a certificate of appealability.

(Docket No. 27). Judgment dismissing the petition was entered on October 16, 2009. (Docket No. 28). The Notice of Electronic Filing receipt indicates that copies of the Decision and Order, and the Judgment, were sent to Attorney Thompson. Unfortunately, no copies of these documents were sent to Gee himself.

On February 28, 2010, Attorney Thompson was "terminated" as Gee's counsel on the case docket. On February 23, 2010, at the direction of Judge Larimer's Chambers, a copy of the Order adopting the Report and Recommendation and the Judgment (Docket Nos. 27, 28) were mailed to Gee.

On March 15, 2010, the Clerk of Court received from Gee a pleading dated March 10, 2010, captioned Notice of Appeal. (Docket No. 29). Gee indicated that he had only just received notice that his petition had been dismissed on March 9, 2010, when he received the Order and Judgment mailed on February 23, 2010. *See* Docket No. 29.

On September 17, 2010, the United States Court of Appeals for the Second Circuit issued a Mandate deferring a ruling on Gee's motion for a certificate of appealability and remanding the case to the District Court with directions to construe Gee's Notice of Appeal (Docket No. 29) be as a motion to reopen the time to file an appeal and to decide whether such motion should be granted. (Docket No. 31).

For the reasons that follow, Gee's motion to reopen the time to file a notice of a appeal is **granted**.

II.     Discussion

Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides that:

(6) Reopening the Time to File an Appeal. The district court may reopen the time

to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6)(A)-(C).

The time to file a notice of appeal is 30 days after entry of the judgment or order being appealed. Fed. R. App. P. 4(a)(1)(A). The Order dismissing this action, from which Gee seeks to appeal, was entered on October 14, 2009, and the Judgment was entered on October 16, 2009. Thus, the normal time to file a notice of appeal terminated on November 16, 2009, 30 days after the entry of the Judgment. *See* Fed. R. App. P. 4(a)(1)(A).

The Court has examined the factors set forth in Fed. R. App. P. 4(a)(6)(A)-(C), and finds that the required factors have been satisfied in this case, such that reopening the time to file a notice of appeal is warranted.

First, the Court finds that Gee, the moving party, did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the Judgment within 21 days after its entry, as discussed *supra* in the "Background" section of this Order.. Therefore, the requirement set forth in Subsection A is met. *See* Fed. R. App. P. 4(a)(6)(A).

Second, Gee's notice of appeal (herein construed as a motion to reopen) was filed on

March 9, 2010, which was 144 days after the Judgment was entered and one (1) day after he received notice of the Judgment, and so Subsection B is satisfied. *See* Fed. R. App. P. 4(a)(6)(B).

Third, the Court finds that no party will be prejudiced by reopening the time to file, and thus Subsection C is satisfied. *See* Fed. R. App. P. 4(a)(6)(C). The Court notes that respondent has not submitted any papers indicating he opposes granting the motion to reopen.

Accordingly, the time to file a notice of appeal is reopened. **The time may be reopened *only* for a period of fourteen (14) days of the date of entry of this Order, pursuant to Fed. R. App. P. 4(a)(6).** Therefore, Gee must file his notice of appeal within **fourteen (14) days of the date this Order is entered on the docket.**

**The Clerk of the Court is directed to send petitioner a form Notice of Appeal for his use in filing.**

**IT IS SO ORDERED.**

/s/ Victor E.Bianchini
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: October 19, 2010
Rochester, New York.